## Banks A. Smith v. John Taylor.

A party who permits property in his possession to be seized under execution and sold as the property of another, without objection on his part, and at the sale purchases the property, does acts inconsistent with the idea of ownership on his part, and which generally have the force and effect of an estoppel.

The claim of a surety against his principal, for re-imbursement of the amount of a note taken up by the surety, is barred by the prescription of ten years only.

APPEAL from the District Court of the Parish of Union, *Richardson*, J. *J. T. Ludeling*, for plaintiff. *Baker & Harris*, for defendant and appellant.

Land, J. This is a suit for the recovery of a slave, and his hire from the first day of January, 1849.

The slave was purchased by the plaintiff at a succession sale, in January, 1848, on a credit of one, two, and three years ; and to secure the payment of the price, he gave his three several promissory notes for equal amounts, bearing interest at the rate of eight per cent. per annum from date, with *John Taylor*, the defendant, as one of his securities, and a special mortgage on the slave purchased.

On or about the first day of January, 1851, the slave came into the possession of defendant, under an agreement between him and plaintiff, and remained in his possession, until the slave was seized by the Sheriff, and sold on the third day of June, 1858, *after the commencement of this suit*, under certain writs of *fieri facias* issued on judgments against the plaintiff, *Banks A. Smith*.

The defendant had previously, to-wit, on the 18th of March, 1853, paid, as surety of plaintiff, the sum of $1,449 on the promissory notes given for the price of the slave.

At the Sheriff's sale the defendant was present, and became the purchaser of the slave at the price of $2,255, as the property of the plaintiff, without any notice or claim of right in himself. He afterwards filed a third opposition, and claimed a privilege on the proceeds of sale by preference over the seizing creditors of the plaintiff.

I. On this statement of the facts, in the absence of any sufficient or legal evidence of title in the defendant, the verdict of the jury, finding that the slave was the property of plaintiff in this suit, who was defendant in the executions. is well grounded, for the reason that the seizure and sale of the slave, as the property of plaintiff, in the presence of, and without objection on the part of defendant, who became the purchaser, are acts wholly inconsistent with all legal ideas of ownership on his part, and generally have the force and effect of an estoppel as to the title of defendant in execution, upon all persons present and assenting thereto. *Amonett* v. *Young & Bemiss*, ante, p. 175.

II. The evidence sufficiently establishes, that the verbal agreement under which the slave came into the possession of defendant, was intended by the parties as a contract of indemnity or pledge to secure the defendant against the consequences of his suretyship on the promissory notes given for the price of the slave ; and under this agreement, which *had been executed,* the defendant was bound to account to plaintiff for the hire of the slave, by deducting annually the amount, first from the interest, and the balance, if any, from the principal. C. C., Arts. 3143, 3107. It is, therefore, clear, that the plaintiff had no right of action

for the recovery of the hire of the slave, so long as the debt he owed to defendant remained unsatisfied.   C. C. 3145.

III.   The defendant, in his answer, prayed for judgment for the amount, to-wit, $1449, which he had paid on the notes, as security for plaintiff, with eight per cent. interest, and privilege on the slave, by virtue of his legal subrogation to all the rights of the vendor.   To this demand the plaintiff pleaded specially the prescription of one, three, and five years.   The prescription by which the surety's right of action for reimbursement is barred, is the prescription of ten years. under Article 3508 of the Civil Code, and not five years.   *Linton* v. *Wikoff*, 12 An. 880.

IV.   The defendant claims a privilege on the slave, which attaches to the proceeds of sale in the Sheriff's hands.   The payment of the notes by him, subrogated him, by operation of law, to all the rights and actions of the creditor, including mortgages and privileges; and as the creditor was the vendor of the slave, the defendant succeeded to his right of special mortgage and vendor's privilege, as a security for his reimbursement.   C. C. Art. 2157.   And his privilege is superior to that of the seizing creditors, and as such, entitles him to be paid by preference out of the proceeds of the sale of the slave.   C. C., Art. 3234.

The jury found the hire of the slave to be worth one hundred and fifty dollars per annum, to be computed from the 1st of January, 1851 ; and taking this as the basis of the calculation, and allowing the defendant interest at the rate of eight per cent. per annum on the sum of $1449, from the 18th of March, 1853, and making the annual deductions, of the hire, as required by Art. 3143 of the Civil Code, we find that there was due the defendant on the 3d of June, 1858, the date of the Sheriff's sale of the slave, the sum of $741 80, the balance due on the promissory notes aforesaid, paid by him as surety for plaintiff.

For this amount, defendant is entitled to a privilege on the proceeds of sale in the Sheriff's hands, and by preference over the seizing creditors of the plaintiff. But as these creditors are not before us on appeal, we can only adjudicate on the rights of the parties to this suit, as presented in the record.

The only error in the verdict of the jury, which the judgment follows, is the rejection of the defendant's privilege on the proceeds of the sale of the slave.   The facts on which the judgment we are about to pronounce is based, are substantially found by the verdict of the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be reversed, and the verdict of the jury be set aside ; and it is now ordered, adjudged and decreed, that the plaintiff be declared to have been the owner of the slave described in his petition, from the third day of January, 1848, to the third day of June, 1858.   And it is further ordered, adjudged and decreed, that the defendant do have and recover of the plaintiff the sum of seven hundred and forty-one dollars and eighty cents, the balance due him on the promissory notes given for the price of said slave, with eight per cent. per annum interest thereon, from the third day of June 1858, and that this privilege on the proceeds of the sale of said slave be recognized and enforced as against said plaintiff, *Banks A. Smith*, with the costs of this appeal.   And it is further ordered and decreed, that the defendant pay the costs of the lower court, the same being allowed plaintiff on the question of title to the slave.